CASE No. 1019.

ANCRUM v. WEHMANN.

1. Exceptions to the omission by the Circuit judge to charge legal propositions, which he was not, at the time, requested to charge, cannot be considered on appeal.

2. A steam yacht having been sold at auction as in perfect running order, in action brought for the purchase money, it was error to charge that "if defendant accepted the boat, that was his own construction of what was meant by perfect running order, and he would be bound by that construction."

Before PRESSLEY, J., Charleston, February, 1880.

Action commenced January 5th, 1880, by John L. Ancrum against F. Wehmann, for $620, with interest, for a steam yacht, which had been sold to plaintiff at public auction, December 16th, 1879, and purchased by defendant; and that plaintiff had tendered and was still ready to tender the possession and a sufficient bill of sale. Defendant answered, alleging that the yacht was represented and warranted as in perfect running order, but that it was not in perfect running order, and that no such steam yacht had even been tendered to him.

Evidence was offered by plaintiff at the trial to show that defendant, after inspecting the boat, agreed to accept it. The defendant objected, but the presiding judge overruled the objection upon the ground that plaintiff might introduce such testimony for the purpose of showing that defendant had accepted the vessel, and thus given his own construction of what the contract was, and waived his objections to the vessel's not being in perfect running order.

Other facts are stated in the opinion.

*Mr. Isaac Hayne,* for appellant.

*Mr. J. A. Simons,* contra.

March 31st, 1881. The opinion of the court was delivered by SIMPSON, C. J. This was an action brought to recover the purchase money of a steam yacht. The yacht was sold by plaintiff at public auction under this advertisement: "This day, December the 16th, at 11 o'clock, will be sold, at post office, a steam yacht, in perfect running order, measuring," &c., &c. The defendant was the purchaser at $620.

The charge of the judge was as follows:

"Gentlemen of the jury, if there was an acceptance of this boat by the defendant, then that was his construction of what the contract was. And, having put that construction upon it, he is bound by it; and, being bound by it, Dr. Ancrum had the right to notify him that the boat was there at the wharf at his risk,

and he would be entitled to recover the amount of the purchase money, with interest. You will, therefore, address your inquiry to that point first.

"If he actually accepted the boat, that acceptance would suffice to transfer the title, without the preliminaries in the custom-house, and the plaintiff would be entitled to recover the purchase money, with interest. Dr. Ancrum says that, after several disputes, it was agreed that the boat should be drawn up on the ways; that he explained to Mr. Wehmann that the equipments were put away for safe keeping, and that Mr. Wehmann told him that if he would draw up the boat and the hull was all right he would be satisfied; that she was drawn up, that the hull was examined, and that he (Dr. Ancrum) said there was another person who wanted to buy her, and that thereupon Mr. Wehmann said he was satisfied and would take her, and gave an order for the painting of the boat. Mr. Wehmann says he did not do so—that he never waived any of his objections to the boat being in perfect running order—but that he did say that if the boat was drawn up he would say what was necessary to be done to her, and he gave it as his opinion that she should be cleaned and painted; but Mr. Wehmann says he never waived his objections to the other matters and never accepted the boat; that is his statement; and that he never saw the equipment and never passed upon their sufficiency whatever.

"It is further contended by the defendant that the letters that are before you corroborate the statements of Mr. Wehmann; that those writings nowhere say 'you have accepted the boat;' that they tender the boat and acknowledge his refusal to accept. These are matters of testimony, and it is your duty to reconcile them. You are to consider the testimony of both sides and answer first the question: Did he accept the boat that morning? I simply charge you upon the law that if he did accept it, that was his own construction of what was meant by 'perfect running order,' and he would be bound by that construction. If he did not accept the boat that morning, he is entitled to stand on the advertisement, which is his contract. If you come to the conclusion that he did not accept this boat as being in perfect running order, then you will see whether she was in perfect run-

ning order, and you will be governed by the testimony on that point.

" Capt. Varden says she was in good running order; Capt. Foley says she was not in good running order. Capt. Kirkwood says that she was not in perfect running order; that the bell wire was missing; that the tiller wouldn't work; that the rail was broken, and that the bow was stove in, and that she wouldn't have been given a certificate by him as United States inspector as being a boat in perfect running order. Mr. Hewes says the same thing. It is a question of fact for you to decide. If she was in perfect running order, then the plaintiff is entitled to recover, whether he accepted her or not. If Mr. Wehmann did not accept the boat, then, if she was in perfect running order, the plaintiff is limited in his damages—he can only recover damages for breach of contract, and that is the difference between the bill of sale and what he can get for her now; that you must judge of by the testimony before you; if she was not in perfect running order, then your verdict must be for the defendant, unless he accepted her as in perfect running order."

The jury found for the plaintiff the full amount, with interest from date of sale.

The defendant appealed on the grounds attached :

" 1. That testimony was admitted on behalf of plaintiff, after objection thereto by defendant, tending to show that defendant was estopped from denying that the vessel was in proper running order, according to the advertisement, by reason of his acceptance of her after the sale.

" 2. That his Honor erred in charging that if the evidence showed that defendant accepted the vessel after the sale he was estopped from denying that she was in proper running order, according to the advertisement.

" 3. That his Honor erred in not explaining to the jury what state of facts must have existed to constitute an acceptance by defendant, and estop him from showing that the vessel was not in proper running order, according to the advertisement.

" 4. That his Honor erred in not charging that, upon the pleadings and evidence in this action, the jury should find for

the defendant if the evidence showed that the vessel was not in proper running order, according to the advertisement.

" 5. That his Honor erred in not charging that the plaintiff was estopped by the allegations contained in the complaint from showing that defendant had accepted the vessel.

" 6. That his Honor erred in not instructing the jury that the evidence did not show facts sufficient to constitute an acceptance and delivery of the vessel."

It has been decided in several cases in this state, that exceptions assigning error to the presiding judge on account of omission to charge legal propositions claimed by the appellant to be involved, without a request to do so, cannot be considered on appeal to this court. The foundation for these decisions needs no examination at this time. The cases involving this question seem to have been well considered and the judgment of the court deliberately pronounced, and they are binding and conclusive as to this point when invoked by the respondent. *Madsden* v. *Phœnix Ins. Co.*, 1 *S. C.* 24 ; *Abrahams* v. *Kelly & Barrett*, 2 *S. C.* 238 ; *Fox* v. *Railroad Co.*, 4 *S. C.* 544.

This disposes of exceptions of appellant from three to six, inclusive, as in each error of omission is alleged without any request to charge the propositions embraced.

Exceptions one and two present the same question in substance and effect. The judge charged the jury as matter of law, " that if the defendant accepted the boat, that was his own construction of what was meant by ' perfect running order,' and he would be bound by that construction." The main point in the case, as appears from the pleadings, was whether the vessel sold by the plaintiff was in " perfect running order." The vessel was sold at public auction under an advertisement, stating that it was " in perfect running order." The defendant purchased, with this advertisement as descriptive of the property and containing the warranty of its condition. After the sale he declined to comply, on the ground that the yacht did not come up to this description and warranty, and hence the writ. Whether the vessel was in perfect running order was the matter in issue between the parties, and, if found for the defendant, entitled him to decline to receive the property, or, if he had already taken

possession, to a reduction in the price, as the proof might require; but the main question was the one stated, and this was a question of fact for the jury.

The judge charged that if defendant accepted the vessel as in perfect running order, then he was bound, and the verdict should be for plaintiff for the full amount. This was changing the issue from that made by the parties themselves, *i. e.*, unsoundness, so to speak, to a new issue, *i. e.*, accepting the vessel by defendant. So that the jury, if they were guided by the judge, could not have felt called upon to examine into the question of "perfect running order" at all. The moment they found that defendant had accepted, under the instructions from the judge they had nothing to do but to find for the plaintiff the full amount, whether the vessel was as described and warranted or not. The defendant, relying upon the advertisement, might have well taken possession the moment the vessel was knocked down to him; but it would be a very stringent law that would preclude him on that account from setting up defects warranted against, which he subsequently discovered, and which, perhaps, he could only discover by taking possession.

The charge of the judge in the main is correct; but we think that the portion excepted to was error. It may have misled the jury, and we think the judgment below should be reversed; especially as the judge, in his order refusing the motion for a new trial, says "that the testimony in the case satisfied him that the steamer sold to defendant was not in proper running order, according to the advertisement." If this be so, the defendant ought not to be required to pay the full amount. Another trial may effect substantial justice.

The judgment below is reversed and a new trial ordered.

McIver and McGowan, A. J.'s, concurred.